Laurent *v.* Vaughn.

---

DAVID LAURENT *v.* THOMAS T. VAUGHN.

*Evidence.     Damages.*

A party cannot allow evidence to be introduced without objection, and then, after the testimony is closed, object during the argument to its incompetency or admissibility, even though such objection would have been well founded if it had been taken at the time the testimony was introduced.

A dealer in produce is a competent witness in regard to the market value, at a particular time, of an article in which he deals, though his knowledge of such value, at that time, is derived from his correspondents in business.

The measure of damages for the breach of a contract for the carriage of goods is their value at the place of delivery.

The defendant contracted with the plaintiff to carry a quantity of peas from Canada to New York by water, but, by reason of his own negligence and unnecessary delay, was unable to carry it farther then Burlington during the same season, on account of the freezing of the lake. The plaintiff then,

upon the defendant refusing either to forward the peas by railroad to New York, or to deliver them to the plaintiff, except upon the payment of the freight, obtained possession of them by a writ of replevin, and sent them to Boston for a market, which was a judicious disposition of them. *Held*, that the plaintiff was entitled to recover the difference between the net amount realized from the sale of the peas in Boston, and the net amount they would have sold for in New York, at the time when they should have arrived there, had the defendant properly discharged his contract.

ASSUMPSIT for the breach of a contract to transport a quantity of peas from Vercheres, in Canada, to New York.

The cause was referred to a referee, who reported the following facts:

The plaintiff, on and after the 14th of November, 1855, was a dealer in produce, and resided in Montreal.  The defendant, at the same time, was a forwarder and common carrier by means of a line of boats, from Montreal to New York.

On the 14th of November, 1855, the defendant contracted with the plaintiff to carry a barge load of peas from Vercheres to New York, at thirteen cents per bushel.

The said barge, being one of the defendant's line of boats, was under said contract, loaded with two thousand one hundred and seventy-five bushels of peas at Vercheres, and started from thence on the 21st of November, 1855, under the direction of the defendant's servants for New York, where the defendant intended to have them sold; after several delays, the barge reached Burlington on the 6th of December, where it lay until the 20th of that month, when it had become impossible, by reason of the freezing of Lake Champlaim and the Champlain Canal, to forward said cargo to New York by water during that season.

The referee further found, that by the exercise of ordinary care and diligence, on the part of the defendant and his servants, said cargo could have been taken through to New York before the close of navigation that season.

On the 20th of December, the plaintiff requested the defendant to take the said cargo on to New York at the contract price, which the defendant refused to do, insisting that the plaintiff should pay the expense of the transportation by railroad, which was higher than the price stipulated by the contract.  The plaintiff then demanded the delivery of the peas to him at Burlington, which

the defendant likewise refused, unless the plaintiff would pay the freight; whereupon the plaintiff, without paying the freight, obtained possession of the peas by a writ of replevin in his favor against the defendant.

The plaintiff then sent the peas by railroad to Boston for a market, where they were sold at less than the market price in New York, at the time when they ought, under the contract and in due course of transportation, to have arrived at the latter place, and the plaintiff was put to an expense greater than thirteen cents per bushel in the transportation of the peas to Boston.

The only evidence before the referee as to the value of peas in New York at the time this cargo should have arrived there under the contract, or at any other time, was the testimony of the plaintiff, who testified upon his examination in chief, without objection, that he could have sold said peas in New York, at the time when they should have arrived there under the contract, at one dollar and twenty-eight cents per bushel; and upon his cross-examination, he testified that he was, during the season of 1855, engaged in selling produce in Albany and New York; and that during that fall or winter, he had been to New York, but whether more than once he could not say; and that he had learned the price of peas in New York at the time from his correspondents. From this testimony, to which or to its legal effect the defendant's counsel made no objection until the argument before the referee, the referee found that the market price of peas in New York, at the time this cargo should have arrived there under the contract, was one dollar and twenty-eight cents per bushel, and he also found that the market, after that time, continued to decline until after the sale of the peas in Boston, and computed the damages found by him upon that basis.

The referee further found, that it was a judicious disposition of the peas to send them to Boston; and that the net proceeds of their sale at that place, was equal to what would have been realized from them had they been taken to New York by railroad from Burlington on the 20th of December, and there sold.

The referee further found, that if the peas had been forwarded to New York under the contract, they would have sold for five hundred and fifty-eight dollars and sixty cents more than the price

Laurent *v.* Vaughn.

they brought in Boston; and that the expense of transporting them to Boston from Burlington exceeded the contract price by the sum of sixty-seven dollars and twenty-five cents; and that the plaintiff had advanced to the defendant towards the freight, the sum of ten dollars; the aggregate of which sums with interest, the referee reported to be the damages sustained by the plaintiff by reason of the breach of the defendant's contract.

But the county court at the November Term, 1857,—BENNETT, J., presiding,—held that all of the damages reported by the referee, except the ten dollars, were too remote and contingent to warrant a recovery for them in this action, even though it should be conceded that the facts reported by the referee were found upon legal and competent testimony; and, accordingly, rendered judgment for the plaintiff to recover ten dollars and costs.

Exceptions by the plaintiff.

*Geo. F. Edmunds,* for the plaintiff, claimed

I. That the objection to Laurent's testimony, in regard to the market value of peas in New York, was taken too late to avail the defendant.

II. That the testimony on that point, from the peculiar nature of the subject matter, knowledge of which must always depend in a great measure upon information derived from others, was perfectly competent, and cited *Lush* v. *Druse,* 4 Wend. 313.

III. That the referee applied the proper rule of damages, viz: the difference between the amount actually realized by the plaintiff from the peas, and the amount which would have been realized had they arrived at New York in accordance with the contract, and on this point cited Angell on Carriers, secs. 482, 485, and cases there cited; *Bowman* v. *Teal,* 23 Wend. 305; *O'Connor* v. *Foster,* 10 Watts 418; *Bracket* v. *McNair,* 14 Johnson 170; *Fox* v. *Harding,* 7 Cushing 517; Sedgwick on Damages, 370, 377.

*Hard & French,* for the defendant, insisted

I. That the claim of damages, dependent upon the state of the New York market, was too remote and contingent to be allowed to prevail, and cited *Flureau* v. *Thruhill,* 2 W. Black., cited in Sedgwick on Damages, 69; *The Schooner Lively,* 1 Gallison,

cited in same work on Dam.; 2 Pars. on Cont. 458; *P. W. & B. R. R. Co.* v. *Story*, 13 Howard 307; *Blanchard* v. *Ely*, 21 Wend. 342; *Smith* v. *Richardson*, 3 Caines 219; *Watson* v. *A. N. & B. R. R. Co.*, 3 Eng. L. & E. 479; *Hardy* v. *Barendale*, 26 Eng. L. & E. 398; *Boyd* v. *Brown*, 17 Pick. 453; *The Anne Maria*, 2 Wheat. 327; *The Amicable Nancy*, 3 Wheat. 456; *La Amisted*, etc., 5 Wheat. 385.

II. The evidence to show the market price of peas in New York, was not competent or sufficient in law. 1 Greenl. Ev. 128; *Powell* v. *Governor of Alabama*, 9 Ala. 367; 7 U. S. Dig. 236.

The opinion of the court was delivered by

PIERPOINT, J. This is an action of assumpsit, brought to recover damages sustained by the plaintiff, in consequence of the defendant neglecting to transport a quantity of peas from Vercheres, in Canada, to New York, as he had contracted to do.

The case was referred, and the questions now before this court arise on the report of the referee.

The first question is, as to the admissibility of the testimony of the plaintiff to prove the market price of peas in New York, on the 10th day of December, 1855, being the time, as the report shows, when the peas should have been delivered there.

The plaintiff testified, that he could have sold the peas in New York, at the time when they should have been delivered there, at one dollar and twenty-eight cents per bushel.

On his cross-examination he testified, that during that season he was engaged in the produce business in Albany and New York; and was once in New York during that period, and obtained his information as to the price of peas at the time from those with whom he had business relations in New York.

This testimony was admitted without objection, and no question raised as to its admissibility, until the argument of the case.

We think the objection was taken too late, even if well founded. A party cannot allow testimony to be introduced without objection, thereby waiving his right to object, and then, after the testimony is closed, and the case being argued, insist upon its exclusion.

But we think the testimony admissible. The witness was then dealing in produce in New York, and dealing in the very article the price of which was in question, and may well be supposed to have

Laurent v. Vaughn.

had a knowledge of the value of an article, in which he was deal-
ing, in the market to which he was sending it for sale; his
knowledge of its precise value at the time, he learned from his
correspondents. A knowledge of the market value of any article
is almost always to be obtained from others. There are but few
whose individual operations are sufficiently extensive to determine
the market value of the articles in which they deal. As a general
rule, the market value of any particular article, at a given time, is
determined by the dealings of many different individuals in such
articles, and a knowledge thereof can only be obtained by informa-
tion from others.

We think a person possessing such information as to the value
of an article in market, as the witness in this case had, is compe-
tent to testify to that value.

What weight the testimony in this case was entitled to, was for
the referee to determine.

The report further shows that the defendant transported the
peas as far as Burlington, and failing to complete his contract, and
refusing to deliver the property to the plaintiff, the latter sued out
a writ of replevin, and took the peas, sent them to Boston, and
as the referee finds, disposed of them in a judicious manner, and
for a price equal to what could have been realized for them if they
had been sold in New York at the same time.

The referee finds that the value of the peas in New York on the
10th day of December, when they should have been delivered,
was five hundred and fifty-eight dollars and sixty cents more than
the plaintiff received for them in Boston, and that he paid for
transportation sixty-seven dollars and twenty-five cents more than,
by his contract with the defendant, he was to pay for delivering the
property in New York.

These sums were disallowed by the court below; and it is now
for this court to determine whether or not the plaintiff is entitled
to recover for them.

It is insisted, on the part of the defendant, that the rule of dam-
ages, based on the value of the peas in New York, at the time of
the delivery, is too remote and contingent to form the basis of a
recovery.

The contract having been violated, and the plaintiff's right of

recovery established, the question arises, by what criterion are the damages to be determined. I can conceive of no better rule than that the amount which the plaintiff would have received for the property if the contract had been kept, is the measure of damages if the contract is broken.

And in ascertaining this amount, we are to take into consideration such benefits as grow out of the contract itself, as the direct, immediate or natural result of its performance, such as the parties may reasonably be supposed to have contemplated, at the time of entering into the contract, as the result; not such as are merely speculative, nor such as possibly might accrue on the happening of some other contingency, by which the party might be enabled to enter into some other independent contract or speculation, from which profits might or might not ensue; such would be too remote or contingent to be taken into the account.

To apply this rule to the present case: the plaintiff is a dealer in produce, and in making this contract for the transportation of this property to New York, what would the defendant naturally understand his object to be? To obtain its value in New York on its arrival of course; and the defendant never could have contemplated a rule of damages more favorable to himself, if he failed to perform his contract, than that he should pay the plaintiff what he would have received for the property if it had been delivered in New York, according to the contract. That is the extent to which the plaintiff has been injured. And it is not a remote or contingent injury, but a direct and immediate one, resulting naturally from the breach of the contract. Indeed it would be difficult to fix upon a more certain, definite and easily established criterion by which to determine the damages in a case like the present, than the value of the property in New York.

The law seems to be well settled, that in actions brought to recover damages for the breach of contracts to transport goods to a particular place, or for the sale and delivery of chattels, the rule of damages is the value of the goods at the place of delivery.

And in this case the plaintiff having been compelled, by the neglect of the defendant, to take the property at Burlington, and having disposed of it to the best advantage as stated in the report, and having given the defendant the full benefit of all he received

for it, is clearly entitled to recover the difference between what he so obtained in Boston and what he would have received for it in New York, and the additional expense of transportation, with the interest thereon.

The judgment of the county court is reversed, and judgment rendered on the report for the amount found due by the referee, and interest.