# D. D. WEAD

v.

# ST. JOHNSBURY & LAKE CHAMPLAIN RD. CO.

## JANUARY TERM, 1894.

*Practice. When objection to introduction of testimony should be taken. Same question cannot be twice litigated. Masters should consider all the testimony.*

1.  An objection to the introduction of testimony before a special master must be taken at the time or it cannot be afterwards insisted upon.

2.  As bearing upon the amount of land damages recoverable for the construction of a railroad, assessed as of 1880, it cannot be said as matter of law that it was error to reject evidence of sales of contiguous lands in 1872.

3.  A question once passed upon by the supreme court cannot be again litigated in the same suit.

4.  The question being upon the assessment of land damages occasioned by the construction of a railroad, and evidence having been introduced before the master including the opinion of witnesses as to the amount of such damages, the value of land in the vicinity and the location and situation of that taken, the master should consider all this testimony and should not base his findings upon the opinion evidence alone.

5.  *Held*, that the report in this case showed that the master made his findings as to damages solely upon the opinion evidence.

Bill in chancery to recover the damages occasioned the orator's property by the construction and maintenance of the defendant's railroad.   Heard upon the report of a special master and exceptions of the defendant thereto at the September term, 1893, Franklin county.   Ross, chancellor, overruled the exceptions and decreed for the orator in accordance with the findings of the report.   The defendant appeals.

This case was originally before the supreme court at the general term, 1891, and the elements of damages were then determined, the case being remanded to the court of chancery for the assessment of damages in accordance with the opinion then given.   64 Vt. 42.   The case was referred to a new master for the assessment of damages, and his report is the one under consideration.   Those portions of it necessary to exhibit the questions considered not sufficiently stated in the opinion, are as follows :

"Several witnesses were introduced by the orator who estimated the damage which the orator had suffered under each subdivision of the mandate.

"The master finds that the witnesses so introduced had long been familiar with real estate values in that locality, also with the premises in question and the circumstances in relation thereto that followed the building of the defendant's road, and were as competent to form an intelligent judgment and give a just estimate touching the various elements involved as any whose opinion could be asked, if the judgment and opinion of others in such matters, and in like situation, may lawfully be considered by the trier.

"When such testimony was offered no formal objection was made by the defendant to the competency or materiality of evidence of this character, but the defendant claimed, after the testimony had been heard, that the master had no right to consider it, that it was incompetent and that the master must find what damages the orator had suffered from

consideration of the facts alone relating to each item, un-aided by the judgment, opinion, or estimates of witnesses.

"The master suggests, however, that he is not possessed of those peculiar elements of knowledge needful for the formation of an intelligent judgment upon the matters embraced in the mandate, which are of necessity local and circumscribed in their character, and that in his findings therein he has weighed and passed upon the estimate of witnesses whom he finds were possessed of those elements of knowledge, believing it to be competent for him to do so.

"The orator objected to the admission of testimony as to the sales of contiguous lands in 1872, upon the ground that such sales were, in point of time, too remote, and that the character of the parcels and the circumstances under which and the purpose for which the conveyances were made, afforded no proper criterion of value here.

"The master excluded the testimony and the defendant excepted.

"The defendant introduced no testimony upon the subject of damages under the separate items of the mandate, by producing witnesses and putting to them the above or similar interrogatories, but did introduce several witnesses who gave their estimates as to the value of the property before and after the building of the road, and that real estate in that locality had declined since 1872, and claimed from such testimony, and the situation of the property, and the business carried on there, the master should find what damages the orator had suffered; but the master was not able to extract from such testimony the necessary elements upon which to base the specific findings required by the mandate, though he does find, by request of the defendant, that real estate in that locality has greatly depreciated in value since 1872."

*Hogan & Royce* and *H. A. Burt* for the orator.

The opinion evidence as to the amount of the damages was admissible. *Railroad Co.* v. *Bixby*, 57 Vt. 548; *Tucker* v. *Mass. Cent. Rd.*, 118 Mass. 546; *Snow* v. *Boston & Maine Rd.*, 65 Me. 230; *Cairo & St. Louis Rd Co.* v. *Woolsey*, 85 Ill. 370; *Sherman* v. *Railway Co.*, 30 Minn.

237; 2 Wood Railway Law, s. 263, note 3; *Snyder et al.* v. *Railroad Co.*, 25 Wis. 60; Pierce, Railroads, 227; Whar. Ev., s. 450; *Sturgis et al.* v. *Knapp et al.*, 33 Vt. 531.

There was no error in rejecting evidence as to the price for which contiguous lands sold. The sales were eight years before the date as of which the damages were assessed and it does not appear that the land was in any respect similar. *Everett* v. *Union Pacific Rd. Co.*, 59 Ia. 243; *May* v. *Boston*, 158 Mass. 21; *Sterling* v. *Baldwin, Exr.*, 42 Vt. 311.

*S. C. Shurtleff* for the defendant.

Witnesses could not state their opinion as to the amount of damages; that was the very question for the master, and he should have determined it by a consideration of the various facts in reference thereto. *Roberts* v. *New York Elevated Rd. Co. et al.*, 128 N. Y. 455; *Montgomery & W. P. R. Co.* v. *Varnum*, 19 Ala. 185; *A. & F. R. Co.* v. *Burkett*, 42 Ala. 83; *Haines* v. *Brownlee*, 63 Ala. 277; *Young* v. *Canton*, 87 Ala. 727; *Collins* v. *Sullivan*, 54 Cal. 238; *Fleming* v. *Albeck*, 67 Cal. 226; *Central Rd. Co.* v. *Senn*, 73 Ga. 705; *B. &. A. R. Co.* v. *McLearen*, 47 Ga. 546; *Gilbert* v. *Cherry*, 57 Ga. 128; *K. & S. Rd. Co.* v. *Horan*, 131 Ill. 288; *C. & A. R. Co.* v. *Springfield & N. W. R. Co.*, 67 Ill. 142; *McReynolds* v. *B. & O. Rd. Co.*, 106 Ill. 152; *E. & C. S. L. R. Co.* v. *Fitzpatrick*, 10 Ind. 120; *B. R. & C. R. Co.* v. *Johnson*, 59 Ind. 480; *O. & M. R. Co.* v. *Nickless*, 71 Ind. 271; *P. C. & St. L. R. Co.* v. *Nixon*, 79 Ind. 111; *Dalzell* v. *Davenport*, 12 Ia. 437; *Russell* v. *Burlington*, 30 Ia. 262; *Parsons Water Co.* v. *Knapp*, 33 Kan. 752; *W. & W. R. Co.* v. *Keehn*, 38 Kan. 675; *C. K. & A. R. Co.* v. *Muller*, 45 Kan. 85; *M. Hill, C. & C. Tamp. Co.* v. *Maupine*, 79 Ky. 101; *Holland* v. *Carmutt*, 5 La. An. 705; *Springfield &*

*S. R. Co.* v. *Calkins*, 90 Mo. 538 ; *Hart* v. *St. L. I. M. & S. R. Co.*, 94 Mo. 255 ; *Nevada & M. R. Co.* v. *De Lussa*, 103 Mo. 125 ; *F. E. & M. V. R. Co.* v. *Whalen*, 11 Neb. 585 ; *B. & M. R. Co.* v. *Schuntz*, 14 Neb. 421 ; *B. & M. R. Co.* v. *Beebe*, 14 Neb. 463 ; *Omaha* v. *Kramer*, 25 Neb. 489 ; *Haight* v. *Moulton*, 21 N. H. 586 ; *Concord Railroad Co.* v. *Greeley*, 23 N. H. 237 ; *New Mexican R. Co.* v. *Hendricks*, 30 Pac. Rep. 901 ; *Thompson* v. *Pease R. Co.*, 51 N. J. L. 42 ; *Loring* v. *United N. J. R. Co.*, 54 N. J. L. 576 ; *Powers* v. *Hazelton & L. R. Co.*, 33 Ohio St. 429 ; *C. H. V. & T. R. Co.* v. *Gardner*, 45 Ohio St. 309 ; *Tingley* v. *Providence*, 8 R. I. 493 ; *Brown* v. *Providence & S. R. Co.*, 12 R. I. 328 ; *Houston & T. C. P. Co.* v. *Burke*, 55 Tex. 323 ; *Gainesville, H. & W. R. Co.* v. *Neall*, 78 Tex. 169 ; *Crane* v. *Northfield*, 33 Vt. 124 : *Bain* v. *Cushman*, 60 Vt. 343 ; *Stowe, Admr.*, v. *Bishop*, 58 Vt. 498 ; *Bemis* v. *Railroad Co.*, 58 Vt. 636 ; *Farrand* v. *C. & N. W. R. Co.*, 21 Wis. 435 ; *Snyder* v. *W. Un. R. Co.*, 25 Wis. 60 ; *Churchill* v. *Price*, 44 Wis. 540 ; *Neilson* v. *C. M. & N. W. R. Co.*, 58 Wis. 516.

Evidence as to what contiguous lands sold for should have been received. Pierce, Railroads, 225.

TAFT, J. The questions arise upon seven exceptions to the master's report.

The master permitted witnesses to testify and give their opinions upon the questions of damages sustained by the orator. The defendant insists that such testimony was incompetent. It appears from the report that no objection was made by the defendant to the introduction of such evidence until after the testimony had been heard. The master states that no formal objection was made to the tesimony at the time it was offered. We do not understand that any objection was made until the defendant claimed, after the

testimony had been heard, that the master had no right to consider it. The defendant's solicitor assumes that an informal objection was made to the testimony, but we find nothing in the report to support the assumption. This question was ruled and we think correctly in *Laurent* v. *Vaughn*, 30 Vt. 90, in which it was said

"A party cannot allow testimony to be introduced without objection, thereby waiving his right to object, and then, after the testimony is closed and the case being argued, insist upon its exclusion."

The exception is not sustained.

The second exception was taken because the master refused to consider the evidence of sales of lands contiguous to that of the orator, as bearing upon the question of damages. The damages were assessed as of the first day of July, 1880; the sales offered to be shown were in 1872 and 1873. It does not appear why the master rejected the evidence. Unless error appears in its rejection the exception cannot be sustained. We cannot say as matter of law that it was error to reject it. It not being shown that the evidence was pertinent to some issue involved in the trial the exception is overruled.

The third exception was to the offer to show that the land mentioned in the second sub-division of the mandate was not the land of the orator. It was adjudged in these proceedings that the land belonged to the orator and was a part of the highway crossing. The question cannot again be litigated in this case even as bearing upon the question of damages. This exception is not sustained and for the same reason the fifth exception is overruled.

The fourth exception is not considered, as the decree does not cover damages found from the evidence objected to.

The serious question arises under exceptions six and seven, viz.: that the master neglected to find the damages upon competent evidence, and did consider illegitimate opinion evidence. We do not think the question of opinion

evidence properly before us under these two exceptions, for the reasons already stated. We do think it is apparent from the report that the master did not consider legitimate evidence, properly in the case, and found the amount of damages sustained by the orator upon opinion evidence only. The master states that the defendant did introduce several witnesses who gave their estimates as to the value of the property before and after the building of the road; that real estate in the locality had declined since 1872; and claimed that upon such testimony, the situation of the property and the business carried on there, that the master should make his findings. It was proper and it was the master's duty to consider all this testimony and the circumstances detailed in the report, together with the opinion evidence—as that was in the case without objection—and upon it all make his findings upon the questions of damages; the master states that he was not able to extract from such testimony offered by the defendant with the circumstances, etc., the necessary elements upon which to base the specific findings required by the mandate. It is apparent that the master based his findings upon opinion evidence alone, not considering the testimony offered by the defendant, for he states in his report that he is not possessed of those peculiar elements of knowledge needful for the formation of an intelligent judgment upon the matters embraced in the mandate, and that in his findings therein he has weighed and passed upon the estimate of witnesses whom he finds were possessed of such elements. Without passing upon the question of whether the opinion evidence, if objected to, was legitimate, the master had the right to consider it, but we think he erred in basing his findings upon that alone.

That the construction thus given the report is the true one is evident from the fact that when the master was asked to find "what damages the orator had suffered from consideration of facts alone relating to each item, unaided by the

judgment, opinion or estimate of witnesses," he confesses his inability to do so and said that he must depend upon the estimates of others.

*The sixth and seventh exceptions are sustained, the decree reversed and cause remanded, with mandate similar to the one in the case as reported in 64 Vt. 52.*