ROBERT BENEDICT v. FRANK E. LAWRENCE.

January Term, 1895.

*Trial.   Evidence in rebuttal.*

The defendant having introduced  evidence . of  an  agreement be-
tween the plaintiff and his sister upon the one part, and the
plaintiff's father upon  the  other, to  pay the  note of the
father to the defendant, the testimony of the  sister that no
such agreement was made is strictly in rebuttal.

Assumpsit.    Plea, the general issue.   Trial by jury at the
June  term,  1894,  Bennington  county,  TAFT,  J.,  presiding.
Verdict and judgment for the plaintiff.   The defendant ex-
cepts.

*Batchelder & Bates* for the defendant.

The  testimony was  too  remote.   *Aiken* v. *Kennison*, 58
Vt. 665 ; *Walworth* v. *Barron*, 54 Vt. 677 ; *Camp* v. *Aver-
ill*, 54 Vt. 320 ; *Moore* v. *Harvey*, 50 Vt.  297 ; *Keith* v.
*Taylor*, 3 Vt. 153 ; *Rowe* v. *Bird*, 48 Vt. 578 ; *Hine* v.
*Pomeroy*, 39 Vt.  211 ; *Phelps* v. *Conant*, 30 Vt.  277 ;
*Bishop* v. *Wheeler*, 46 Vt. 409 ; *None* v. *Northouse*, 46 Vt.
587 ; *Lincoln* v. *Manufacturing Co.*, 91 Mass. 181.

*O. M. Barber* for the plaintiff.

The testimony tended to meet an issue first  raised  by the
defendant.   *Stevens* v. *Dudley*,  56 Vt.  164 ;  Greenl., Ev.,
s. 517a.

ROWELL, J. Plaintiff's father conveyed his farm and the personal property thereon to the plaintiff and his sister. The question was, whether the plaintiff agreed with the defendant that the price of all the property that the defendant bid off at plaintiff's auction should be applied on a note that defendant held against plaintiff's father, as the defendant claimed, or whether the agreement was that the price of only the property bid off that was covered by the chattel mortgage that secured the note should be thus applied, as plaintiff claimed. To support his claim the defendant introduced evidence tending to show that the plaintiff, either alone or jointly with his sister, agreed to pay the note; and the defendant testified that at about the time of said conveyance the plaintiff and his father came to see him, and that his father said in plaintiff's presence that he had deeded his farm to the plaintiff and his sister, and that they had agreed to pay the note. On rebuttal the plaintiff called his sister, who testified that there was no agreement between her and her brother on the one part and her father on the other that her brother should pay the note. We construe the exceptions to mean that the defendant claimed that the plaintiff, alone or with his sister, had agreed with his father, not with the defendant, to pay the note. That being so, it was clearly competent for the plaintiff in rebuttal to show that no such agreement was made as far as he was concerned, for that exactly met the defendant's claim in regard to the matter.

*Judgment affirmed.*