DUNNETT & SLACK *v.* MARTIN H. GIBSON.

January Term, 1906.

Present: ROWELL, C. J., TYLER, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed February 21, 1906

*Partnership—Firm Debt—Settlement by Partner—Parol Evidence—Writing Incomplete—Trial—Evidence in Rebuttal—Admissibility.*

Where it appears that the parties to a written contract did not intend to reduce the whole contract to writing, and the part omitted is

consistent with the writing, such omitted part may be proved by parol.

Where both parties treated a writing as an incomplete memorandum of settlement, and introduced parol evidence in support of their respective claims as to the settlement, plaintiff was properly permitted to testify in rebuttal to the new matter shown by defendant's evidence.

An objection to evidence must be made when it is first offered.

A debtor of a firm bought notes executed by a partner. This partner and the debtor agreed that the firm's demand against the debtor, except $500, should be applied on said notes, and the partner delivered to the debtor a memorandum reciting that said notes were received in settlement of the firm's claim, except $500. *Held* that, as the memorandum was silent as to the time and manner of payment of the $500, it was proper to show the agreement in respect of those matters by parol.

A debtor of a firm bought notes executed by a partner. The partner and the debtor agreed that the firm's demand, against the debtor, except $500, should be applied on the notes. Subsequently the debtor authorized the partner to pay the firm the $500, and the partner agreed to do so if he acquired the money. *Held*, that this arrangement did not operate *prima facie* as a payment of the $500 to the firm.

Said arrangement would not be binding on the firm, without the copartner's assent thereto.

Where a claim was payable immediately after settlement, it drew interest from such time without demand.

GENERAL ASSUMPSIT. Heard on the report of a referee and exceptions thereto at the December Term, 1905, Caledonia County, *Munson, J.,* presiding. Exceptions overruled. Judgment on the report for the plaintiffs for $500, and interest from September 26, 1904, and costs. The defendant excepted. The opinion states the case.

*Harland B. Howe* for the defendant.

*Dunnett & Slack pro se.*

The subject-matter of the Johnson notes was introduced by defendant. This gave plaintiffs not only the right to meet this evidence, but to give their version of what occurred in respect of this subject-matter. *Baker & Sons* v. *Sherman,* 71 Vt. 450; *Perry* v. *Vermont Farm Machine Co.,* 70 Vt. 276; *Benedict* v. *Lawrence,* 67 Vt. 219.

TYLER, J.   The referee reports that in the spring of 1904 the defendant owed the plaintiffs about $1,300 on account and note, and that he was pressed by them for payment; that in March or April, without the plaintiffs' knowledge, he bought of a Mrs. Stanley four notes which Dunnett had previously given to James Johnson and which amounted to more than the plaintiffs' demands against the defendant; that Dunnett was requested by the defendant to apply his indebtedness to the plaintiffs upon these notes, to which Dunnett replied that he would so apply his part of the demands, but that his partner must have the money for his part; that on September 26, 1904, Dunnett and the defendant made a complete settlement by which all of the plaintiffs' demands except $500 was applied on the Johnson notes, a note was given to the defendant by Dunnett for $217.69 and he was to give the defendant five other $100 notes when the defendant paid the plaintiffs the $500. Dunnett then delivered to the defendant a writing which reads:

"South Ryegate, Vt., Sept. 26th, 1904.

Rec'd from M. H. Gibson four promissory notes signed by me and I have given him my note for $217.69. These notes which I have received are to settle account and note of Dunnett & Slack against Gibson, except the sum of Five Hundred Dollars. When Gibson pays the firm of Dunnett & Slack Five Hundred Dollars, I am to deliver to said Gibson five of my

own promissory notes for One Hundred Dollars each of this date payable in 2, 3, 4, 5, and 6 months from this date."

The referee finds that the defendant was to pay the $500 immediately after the settlement, and that Slack soon after September 26 demanded payment of that sum of the defendant, who replied that he was trying to arrange with Dunnett to pay the $500 to the firm. On November 16 the defendant and Dunnett had some conversation in which Dunnett said in substance that if he had the money he might pay the firm, and the defendant then gave him a writing which was in effect authority to him to pay his firm the $500 in sums of $100 each at such times as the notes would be payable which were to be given him by Dunnett under the terms of the settlement. It was not convenient for Dunnett to make such payments and he has never paid the firm any part of the $500.

On two or three occasions after November 16 and before this suit was brought Slack demanded payment of the defendant of the $500, but he has never paid it. On two occasions after the suit was brought the defendant and his attorney demanded the notes of Dunnett, who replied that the defendant was not entitled to the notes until he had paid the firm.

At the trial Dunnett testified, without objection, that he made the settlement with the defendant on September 26, and that by its terms the defendant was to pay his firm $500 immediately, and he put the writing of that date into the case. In defence the defendant testified that he bought the Johnson notes for the plaintiffs at Dunnett's request; that he did not tell Dunnett that he would pay the plaintiffs the $500 immediately; that he was not to pay the plaintiffs any money, but that Dunnett agreed to take care of the $500 due to his firm. In rebuttal Dunnett testified, subject to the defendant's exception, that the defendant did not purchase the Johnson notes at his,

Dunnett's, request; that after the defendant bought them he, Dunnett, told him that he would apply part of the notes in payment of part of the account, that he, Dunnett, would give the defendant his notes for Slack's part and that defendant might use them as he chose; that Slack wanted and must have the money.

The defendant then moved to have all the parol testimony on this subject struck out on the ground that the contract was in writing and could not be varied by parol evidence; that the referee should construe the writing and determine when the $500 was to be paid. The motion was properly denied. Both parties had evidently treated the writing of September 26 as an incomplete memorandum of a settlement and had introduced evidence in support of their respective claims about the settlement. The defendant had introduced new matter in respect to his purchase of the Johnson notes and in respect to Dunnett's undertaking to take care of the $500 due the firm so that the defendant would not have to pay any money. It was clearly competent for Dunnett to testify upon these subjects in rebuttal. *Benedict* v. *Laurence,* 67 Vt. 219, 31 Atl. 291.

The motion was also out of time. Dunnett had in his opening testified fully and without objection about the terms of the settlement and the defendant's promise to pay the $500 immediately; the defendant had also testified fully on the subject, and Dunnett, as we hold, had been properly allowed to testify in rebuttal. Objection should have been made when testimony in respect to the settlement was first offered. *Wead* v. *St. J. & L. C. R. Co.,* 66 Vt. 420, 29 Atl. 631; *Lawrent* v. *Vaughn,* 30 Vt. 90, is directly in point.

The evidence was admissible. The memorandum was silent as to the time and manner of payment of the $500, and

it was clearly competent to show these facts by parol evidence. The case comes within the rule that, where it appears that the parties to a written contract did not intend to reduce the whole contract to writing, and the part omitted is consistent with the writing, such omitted part may be proved by parol evidence. *Winn* v. *Chamberlin,* 32 Vt. 318. It was evidently in this view that both Dunnett and the defendant testified in respect to the payment of the $500.

The defendant further contends that the writing given by the defendant to Dunnett operated *prima facie* as a payment of the $500 to the plaintiffs; that the report does not show that the writing had ever been returned to the defendant and that the burden was on the plaintiffs to overcome this presumption of payment. To this contention there are two answers; first, the writing only gave Dunnett permission to pay his firm. The language is, "You may pay Dunnett & Slack $100," etc. Dunnett evidently was to pay the firm if he had the money which the referee finds he did not have; second, Dunnett could not have bound his firm by such arrangement without his partner's assent, and such assent is not shown.

As the referee finds that the $500 was payable immediately after the settlement of September 26, 1904, no demand was necessary to fix the defendant's liability to pay interest. The referee correctly computed interest from the date of settlement. *Vt. & Ca. R. Co.* v. *Vt. Cen. R. Co.,* 34 Vt. 65.

*Judgment affirmed.*