**W. H. McFadden, Defendant in Error, v. Union Stock Yards & Transit Company and Michigan Central Railroad Company, Plaintiffs in Error.**

## Gen. No. 18,570.

1. CARRIERS, § 110*—*measure of damages for delay in transportation.* The measure of damages against a carrier for delay is the difference between the market price at the place of destination when the property should have arrived and the time it actually arrived.

2. CARRIERS, § 250a*—*right to damages when stock is negligently carried to wrong place and sold by owner.* Where a carload of horses consigned to a certain place for sale is negligently carried to a different place, the owner has the right to accept the horses at the latter place; but by accepting the horses he does not thereby establish as the measure of his damages the difference between what the horses would have brought at the place they were consigned and what they would sell for at the place they were shipped.

3. CARRIERS, § 248*—*sufficiency of evidence to sustain recovery where owner accepts and sells stock after being carried to wrong place.* Where a railroad company carried a carload of horses to a place other than to which they were consigned for sale and the owner accepted the horses and sold them at such place, *held* in an action to recover the difference between what the horses sold for and what they would have sold for at the place they were consigned that the evidence was insufficient to sustain a judgment for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. WILLIAM C. DE WOLF, Judge, presiding.   Heard in this court at the October term, 1912.   Reversed and remanded.   Opinion filed February 2, 1914.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; JOHN C. SLADE, of counsel.

SONNENSCHEIN, BERKSON & FISHELL, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Thursday, June 22, 1911, plaintiff McFadden delivered at Chicago a carload of horses, of which he was the owner, to the defendant Railroad Company to be carried to Detroit, where he intended to sell them at the weekly auction sale the following Saturday.   The defendant negligently sent the car to Buffalo. Plaintiff went to Buffalo and the following Monday accepted the horses from the defendant there and sold them at the regular weekly auction on that day.   In an action in the Municipal Court, tried by the court, he recovered against the Railroad Company $639 damages.   The basis of his claim for damages was that the horses would have brought in Detroit, Saturday, $4,500 to $4,600; that they brought in Buffalo, Monday, only $3,812.50, and that he incurred certain expenses.

The measure of damages against a carrier for delay is the difference between the market price at the place of destination when the property should have arrived and the time it actually arrived.   *Illinois Cent. R. Co. v. Cobb, Blaisdell & Co.*, 72 Ill. 148.

The fact that the defendant through negligence or mistake carried the horses to Buffalo did not release defendant from its contract to carry to Detroit.   But every person may renounce so much of a contract as is for his own benefit and the acceptance by the defendant of the horses at Buffalo released defendant

from future liability, in reference to the horses, but it did not release it from liability for damages already sustained by plaintiff. ''Nothing is better settled than that, after an injury has been committed, the cause of action cannot be discharged by anything short of a release, or the acceptance of something in satisfaction.'' Angell on Carriers, sec. 333.

There is in the record no evidence tending to show that the act of the plaintiff in accepting the horses at Buffalo and selling them there was judicious or that he disposed of them to the best advantage. There is no evidence as to the freight from Buffalo to Detroit, but there is evidence that the freight on a carload of horses from Chicago to Buffalo was $80.85. Neither is there any evidence as to the market value of plaintiff's horses at Detroit the next sale day, Saturday, by which time the horses might have been returned from Buffalo to Detroit. As the owner of the horses, plaintiff had the right to accept them at Buffalo, but he could not thereby establish as the measure of his damages the difference between what the horses would have brought at Detroit, Saturday, and what they were sold for at Buffalo, Monday. He was bound, when he took possession of the horses, if he sold them, to sell them in the best market, to dispose of them to the best advantage and for the most advantageous price. *Illinois Cent. R. Co. v. Cobb, Blaisdell & Co., supra.*

In *Laurent v. Vaughn,* 30 Vt. 90, cited and relied on by the defendant in error, the plaintiff accepted peas shipped to New York at Burlington, Vermont, and sent them to Boston, where they were sold, and recovered the difference between what he received in Boston and what they would have brought in New York if there had been no delay. But the referee in that case found that the plaintiff ''disposed of the peas in a judicious manner and for a price equal to what could have been realized for them if they had been sent to

New York at the same time," and the court based the judgment on such finding.

For the reasons indicated we think the evidence is wholly insufficient to support the finding and judgment, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*