## ROLLIN TAYLOR *v.* J. NOBLE HAYES.

*When possession is sufficient to maintain trespass.   Best evidence.*
*Damages.*

1.  Where a husband has the care, management and possession of his
    wife's cow, he may maintain an action of trespass in his own name
    against a third person who has injured it.

2.  Although it appears that the transfer of personal property was in writ-
    ing, parol evidence as to the title may be given, it not further ap-
    pearing in whose possession the writing was at the time of trial, nor
    whether in existence.

3.  It appeared from the plaintiff's case that the cow was worth $26 when
    the injury was inflicted, and that six months after the plaintiff sold
    her for $28.  *Held,* not conclusive that the damages were nominal
    merely, but that the question of the extent of the injury was prop-
    erly left to the jury.

Trespass for injury to the plaintiff's cow.   Plea, the general
issue.   Trial by jury at the December term, 1890, Taft, J., pre-
siding.   Verdict and judgment for the plaintiff.

The defendant excepts.

The plaintiff claimed that the cow was shot by the defendant
while gunning upon his, plaintiff's, land.

The plaintiff testified that he and his present wife were mar-
ried in 1877 ; that in 1887 he gave his wife the money with
which to buy the cow in question, and that she did then buy it ;
that he never owned the cow, but that she belonged to his wife ;
that he managed and had the possession of the cow.   There was
no other evidence as to the plaintiff's title, and the defendant in-
sisted that upon this showing the suit could not be maintained in
the name of the plaintiff.

It appeared that the wife had acquired title to the cow by a

Taylor *v.* Hayes.

written transfer, but it did not appear in whose custody this writing was at the time of trial, nor whether it was in existence at all. The defendant objected to the introduction of any evidence of title except this written instrument.

The plaintiff gave evidence that in consequence of the injury the cow was sick and lame and so continued for some time. It appeared that at the time of the injury she was worth $26, and that six months afterwards the plaintiff sold her for $28. The defendant claimed that upon this proof the plaintiff was only entitled to nominal damages.

*James B. Meacham* and *J. Noble Hayes*, for the defendant.

This cow was the property of the wife and the suit should have been brought in her name. The husband was merely her agent in caring for it.

*Caldwell, Admr.* v. *Renfew*, 33 Vt. 213; 6 Bac. Abr. 565; 2 Am. & Eng. Enc. Law 61; *Hare* v. *Fuller*, 7 Ala. 718; Sto. Bailm. (9th Ed.) §§ 93, 931.

Oral evidence was not admissible to show title, it appearing that the transfer was in writing.

2 Am. & Eng. Enc. Law 91: 1 Greenl. Ev. § 82; *Simpson* v. *Deel*, 3 Wall. 460; *Johnson* v. *Armorine*, 42 N. J. 451; *Kearney* v. *Mayor of N. Y.*, 92 N. Y. 617; *Hatch* v. *Carpenter*, 9 Gray 271; *Steel* v. *Lord*, 70 N. Y. 280; *Bagley* v. *McNickle*, 9 Cal. 430; *Jones* v. *Kerans*, 31 N. J. Eq. 600; *Joannes* v. *Bennett*, 5 Allen 169; *Thrall* v. *Todd*, 34 Vt. 97; *Viles* v. *Moulton*, 11 Vt. 470; 13 Vt. 510; *Razalton* v. *Turnpike Co.*, 14 Vt. 311; *Fletcher* v. *Jackson*, 23 Vt. 581; *Dunn* v. *Hewitt*, 2 Denio 637; *Rogers* v. *Van Hoesen*, 12 John.; *Jenner* v. *Joliffe*, 6 John. 9; 1 Whart. Ev. §§ 60-160.

No damages were proved, and the court should have instructed the jury to give only nominal damages.

*Smith* v. *Houston*, 25 Ark. 183; *DeBriar* v. *Minturn*, 1 Cal.

Taylor *v.* Hayes.

450; *Oakley Mills Manuf. Co.* v. *Neese,* 54 Ga. 460; *Cochrane* v. *Tuttle,* 75 Ill. 361; *Pittsburg C. & St. L. R. Co.* v. *Dewin,* 86 Ill. 296; *Walker* v. *Smith,* 1 Wash. C. C. 152; *McDonald* v. *Walker,* 40 N. Y. 551; *Nuttel* v. *Junction R. R. Co.,* 13 Ind. 479; *Berry* v. *Vrieland,* 21 N. J. 183; 1 Southerland Dam. 810.

*C. H. Darling,* for the plaintiff.

The plaintiff could maintain this action notwithstanding the wife.

1 Chit. Pl. 74; Reeve Dom. Rel., Sub. Joinder of Hus. & Wife; Dic. Par. 394; *Rawlins et ux.* v. *Rounds,* 27 Vt. 18; *Wright* v. *Burrows,* 20 Vt. 660.

The plaintiff's possession was sufficient.

*White* v. *Bascom,* 28 Vt. 268; *Fisher* v. *Cobb,* 6 Vt. 622; *Fletcher* v. *Cole,* 26 Vt. 170; *Potter* v. *Washburn,* 13 Vt. 558; *Thayer* v. *Hutchinson,* 13 Vt. 504; *Adams* v. *Burton,* 43 Vt. 36.

The question of title was collateral and oral evidence was admissible.

*Chandler* v. *Caswell,* 17 Vt. 510; *Hurd* v. *Tuttle,* 2 D. Chip. 43; *Wood* v. *Morris,* 12 East 237 and notes.

The weight of the evidence as to the extent of the injury, was properly left to the jury.

*Hill* v. *Town of New Haven,* 37 Vt. 510; *Jones* v. *Booth,* 10 Vt. 268; *Rogers* v. *Judd,* 6 Vt. 191; *Wemet* v. *Missisquoi Lime Co.,* 46 Vt. 458.

The opinion of the court was delivered by

ROSS, Ch. J. As said by Redfield, J., in *Potter* v. *Washburn,* 13 Vt. 564: "It is always true that the possessor of personal property may maintain trespass against a mere wrong-doer without showing the extent of his right. Possession is, of itself, sufficient title against all the world except the true owner."

*Swift* v. *Moseley et al.*, 10 Vt. 208. The doctrine thus announced has frequently been held by this court and never questioned. Hence the plaintiff, correctly, was allowed to testify that the cow, though belonging to his wife was in his possession; that he managed and had the profits of the cow. It was also immaterial whether he showed that his wife had title, or how he showed that fact. He could rest upon his naked possession alone. The rule cited from 1 Greenleaf on Evidence, § 82, would not exclude parol testimony of the wife's title. The plaintiff did not have possession of the written evidence of her title. The rule only requires the production of the best evidence in the party's possession, especially when it has reference to a question collateral to his right of recovery.

We also think there was evidence in the case tending to show more than nominal damages. This is the only question which the defendant's exception on this subject raises. It does not raise the question whether the plaintiff could in his capacity of possessor of the cow, recover all the damages occasioned to the cow by the defendant's wrongful act. What the cow was worth when injured, and what she sold for six months later, are not the only evidence bearing upon the damages sustained. The cow had been kept, presumably at the plaintiff's expense, for six months, after the injury and before the sale. The jurors are presumed to be able to place some estimate on the value of such keeping, if the witnesses do not place their estimate upon such value It is presumed that the court charged correctly upon all subjects, as no exception is taken to the charge. We find no error in the proceedings of the County Court.

*Judgment affirmed.*