# Kerr *v.* Frick, Appellant.

*Negligence—Damages—Loss of earning power.*

In an action to recover damages for permanent injuries sustained by plaintiff in consequence of defects in defendant's elevator, where it appeared that at the time of the injury plaintiff was about fifty-eight years of age and in good health, that she had for several years been engaged in the business of entertaining summer boarders and transient guests, and that she not only transacted the business but assisted in the housework, that some time after the accident she discontinued keeping boarders and entertaining the public, it being fairly deducible from the evidence that she did so because of the injury which she had sustained, it was not error to permit the jury to award damages for loss of plaintiff's earning power.

Argued Oct. 9, 1916. Appeal, No. 39, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 2500, on verdict for plaintiff, in case of Lizzie W. Kerr and Edward C. Kerr, her Husband, v. Henry Clay Frick. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,856 and judgment thereon. Defendant appealed.

1917.]     Assignment of Errors—Opinion of the Court.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Stephen Stone,* of *Stone & Stone,* for appellant, cited: Goodhart v. Penna. R. R. Co., 177 Pa. 1; McKenna v. Citizens' Natural Gas Co., 198 Pa. 31; Frysinger v. Philadelphia Rapid Transit Co., 249 Pa. 555; Helmstetter v. Pittsburgh Rys. Co., 243 Pa. 422;. McHugh v. Schlosser et al., 159 Pa. 480; Wallace v. Penna. R. R. Co., 195 Pa. 127.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellee, cited: Simpson v. Penna. R. R. Co., 210 Pa. 101; McGonnell v. Pittsburgh Rys. Co., 234 Pa. 396.

OPINION BY MR. JUSTICE STEWART, January 8, 1917:

The verdict establishes the fact that the plaintiff sustained her injuries either through the negligence of the defendant's employee in operating the elevator on which she was a passenger, or, in consequence of the elevator not being in proper repair. Her right to recover compensation in the action is not questioned. The only complaint is that the jury was permitted, on insufficient evidence, to consider as an element of damage the impairment of the plaintiff's earning capacity. It cannot be said that the evidence on this branch of the case was so lacking as not to afford a basis from which the plaintiff's earning capacity could be fairly estimated. If it measured up to this degree, though it left something to be supplied by speculation as to probabilities, the amount was for the jury's determination. So much must be trusted to the jury to work out in a way not at variance with ordinary observation and experience. When the verdict is not in accord with these, the correcting power is with the court. The governing rule is that the evidence must be such as will enable the jury to deduce a rational inference therefrom with respect to the matter involved. The evidence in this case disclosed the follow-

ing facts: The plaintiff sustained her injuries October 8, 1812. She was then about fifty-eight years of age, of sound bodily health and vigor; she was then, and had been for several years, engaged in the business of entertaining summer boarders and transient guests in a home of her own near Cambridge Springs, where she had accommodations for upwards of twenty persons. She not only superintended the business, but gave a helping hand in all the details of the work incident; she was an experienced cook as well as general housekeeper, and the customary wage paid one in the former capacity was shown. Some time after the accident, she discontinued keeping borders and entertaining the public, and while it does not definitely appear that this was because of her physical impairment, such fact is fairly deducible from the evidence. No attempt was made to show loss of profits or earnings by reason of this discontinuance; the evidence touching the keeping of boarders was introduced—and so guarded by the court—merely to show what she was capable physically of doing prior to the injury. Evidence was submitted as to the extent of her injury. She herself described it, and in addition there was the testimony of the several physicians who had attended her professionally as to the physical impairment she had sustained and the permanency of her injury. With these for a criterion the test remaining would have to be supplied from the observation, experience and intelligent judgment of the jurors themselves. In every case of this kind there must be more or less left for the sound discretion of the jury. We are of opinion that the evidence furnished sufficient data for an intelligent conclusion with respect to the loss of plaintiff's earning capacity. The case bears close analogy to Malone v. Pittsburgh & Lake Erie R. R., 152 Pa. 390.

The assignments of error are not sustained, and the judgment is affirmed.