LORETTA M. DELANEY, RESPONDENT. v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted March 23, 1922—Decided June 6, 1922.

1. A commutation ticket was made out by the ticket seller of the defendant company in the name of "Mr. L. Letaney" instead of in the name of "Miss Loretta M. Delaney." The ticket was taken up by the conductor of the defendant company when presented for passage by Miss Delaney on the twenty-ninth ride. *Held,* damages could be recovered for the indignity and humiliation, if any, and in this case under the evidence, that was a question of fact for the jury.

2. Conclusive force is to be given to the intrinsic effect of a railroad ticket, as expressed on its face, when tendered by the passenger, so, the face of the ticket is conclusive evidence to the conductor of the terms of the contract of carriage upon which the conductor has a right to rely.

3. Whether the plaintiff was negligent in not examining the ticket and discovering the error on its face, or if she knew, or should have known, that the ticket showed upon its face it was not made out in her name by the ticket seller, were questions of fact for the jury.

4. In the absence of proof of humiliation in taking up the ticket by the agents of the defendant company, the measure of damages is the value of the non-expired portion of the ticket.

5. The refusal by the trial court of a request, that is unsupported by any evidence, is not error or one that does not appear to have any pertinence to the case. A judge is not required to charge abstract legal principles unless applicable to the facts appearing in evidence.

6. It is too late to make an objection to the admission of testimony after the answer has been given.

7. Excessive damages cannot be inquired into on an appeal from the District Courts.

On appeal.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Collins & Corbin, George S. Hobart* and *Ralph E. Cooper.*

For the respondent, *Weinberger & Weinberger.*

The opinion of the court was delivered by

BLACK, J. The suit in this case was brought to recover damages for the indignity and humiliation suffered by the plaintiff. The commutation ticket of the plaintiff was taken up by the conductor of the defendant company. The record discloses these undisputed facts: On June 30th, 1921, the plaintiff purchased a commutation ticket for the month of July between Passaic and New York City. The ticket on its face was made out in the name of "Mr. L. Letaney" by the ticket seller at Passaic, instead of to "Miss Loretta M. Delaney." On July 22d the plaintiff presented the ticket for the twenty-eighth or twenty-ninth ride from New York to Passaic. The collector and conductor refused to honor the ticket, because, it was then first discovered, the ticket was in the name of "Mr. L. Letaney." Miss Delaney was

carried to her destination at Passaic, was identified there by a policeman, then she went her way without molestation. The conductor retained the ticket.

This is the plaintiff's version of what the conductor did and said on the train when he took up the ticket: "*Q.* What did he say? *A.* He came in the train and said, 'Tickets' and I handed him my ticket. He said to me, 'This is not your ticket; you are riding on a man's ticket,' and I said, 'You have been taking up the ticket,' and he said, 'You have got to pay your fare,' and I said, 'I haven't got the money.' He said, 'You are using a man's ticket and cheating the railroad company out of the fare.' and he said, 'You will have to pay it.' The collector said, 'You have got to pay your fare, you are not using the right ticket.'

"*Q.* In what tone of voice was it he addressed you? *A.* In a very gruff manner that could be heard all over the car. He said, 'I can't help that, somebody has got to find out the mistakes,' and that I would have to pay my fare. When the train slowed up into Passaic he said, 'You will have to be turned over to an officer.' He said, 'You are not using the right ticket,' and when we got to the Passaic station he said to the officer at the station that. this lady was not using the right ticket. I was identified by the officer. I asked the conductor for the ticket; he refused to give it back to me. There was a crowd, a hundred or more, assembled at the station at the time."

The trial court in the charge to the jury said: "Of course, the railroad company denies there was anything but the most courteous treatment offered Miss Delaney in the honest discussion between the railroad conductor and Miss Delaney. You will have to take that evidence and ascertain whether Miss Delaney is entitled to anything for humiliation or torment of mind. If you find she is entitled to anything, of course, you take this into consideration. She is entitled to any loss expended, doctor, medicines and the remaining value of the railroad ticket. That is all there is to the case. It is a perfectly open case."

This is a clear statement by the trial court of this case. In *Harris* v. *Delaware, &c., Railroad Co.*, 77 *N. J. L.* 278; on a second trial, 82 *Id.* 457, 458, in the Court of Errors and Appeals, it was held, where indignity is the natural and proximate result of the conduct of the defendant, damages should be recovered and the question was one of fact for the jury. The jury found a verdict for the plaintiff, the defendant appeals. Our examination of the record satisfies us there is no legal error. The judgment should be affirmed. The trial judge at the request of the defendant charged the jury: "The face of the ticket is conclusive as to the right to take the ticket from the passenger. The terms on the ticket are a part of the contract between the passenger and the carrier, and as such are binding upon the passenger." This is in harmony with the settled law of the state, as expressed by Mr. Justice Garrison, speaking for the Court of Errors and Appeals, in the case of *Shelton* v. *Erie Railroad Co.*, 73 *Id.* 558, 566. Conclusive force is to be given to the intrinsic effect of a railroad ticket, as expressed on its face, when tendered by the passenger, so, the face of the ticket is conclusive evidence to the conductor of the terms of the contract of carriage upon which the conductor has the right to rely. So, too, *Colton* v. *Delaware, &c., Railroad Co.*, 80 *Id.* 592; *Wilson* v. *West Jersey Railroad Co.*, 83 *Id.* 755, 758. The judge, also, charged the jury there was no evidence that the plaintiff was compelled to leave the train or leave the train under arrest or that she was deprived of her liberty by the agents of the defendant company. This is in accordance with the facts of the record. The judge, also, charged the jury if the plaintiff was negligent in not examining her ticket and discovering the error on its face, or if she knew, or should have known, that the ticket showed upon its face it was not issued to her, the jury must find for the defendant: this was a question of fact (*Gerety* v. *New York, &c., Railroad Co.*, 88 *Id.* 17), and properly left to the jury by the trial court. The judge, also, charged the jury, "In the absence of proof of humiliation the measure of

damages is the value of the non-expired portion of the ticket." This is in harmony with the case of *Gerety* v. *New York, &c., Railroad Co.,* 89 *Id.* 175, in the Court of Errors and Appeals.

It is argued, the court erred in refusing to charge the jury the defendants' requests Nos. 1, 4, 5 and 6; not so. These all refer to the right of a conductor to eject a passenger; as there is no evidence in the case that the plaintiff was ejected from the train by the conductor or other agent of the defendant company, they are not applicable to the facts of the case under discussion. The refusal of a request that is unsupported by the evidence is not error is the established rule of practice of the New Jersey courts (*Manchester Building and Loan Association* v. *Allee,* 81 *N. J. L.* 610; *Humphreys* v. *Mayor, &c., of Woodstown,* 48 *Id.* 588), or when the request does not appear to have any pertinence to the case (*Consolidated Traction Co.* v. *Behr,* 59 *Id.* 477). A judge is not required to charge every abstract legal principle which may be suggested by counsel, unless applicable to the facts appearing in evidence. *Consolidated Traction Co.* v. *Haight,* 59 *Id.* 578.

Error is also alleged in the admission of evidence, viz., the value of tickets purchased by the plaintiff for the balance of July, amounting to $9.18. The record shows there was no objection interposed until after the evidence was in the case and then there was no motion to strike it out. It is too late to make an objection to the admission of testimony after the answer has been given. Objection must be timely and must be made to the question. *Leonard* v. *Standard Aero Corporation,* 95 *N. J. L.* 235; *Willett* v. *Morse,* 71 *Id.* 104; *United States Transfer Adv. Co.* v. *Young,* 80 *Id.* 151. If, however, it be conceded, without deciding, that the admission of such evidence was error, it was cured by the judge in the charge to the jury to disregard it; in addition to that he said, "because the measure of damages is the value of the non-expired portion of the ticket." As stated, this is in harmony with the case of *Gerety* v. *New York, &c., Railroad Co., supra.*

The question of excessive damages cannot be inquired into on an appeal from the District Court.  *Oppicci* v. *Erie Railroad Co.*, 93 *N. J. L.* 394;  *Hughes* v. *Wells*, 81 *Id.* 339.

Finding no error in the record the judgment is affirmed.