FRANK ALLEN, ADMR. *v.* ELSIE MOORE ET AL.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

*Wm. R. McFeeters* and *P. C. Warner* for the plaintiff.

*M. G. Leary* for the defendants.

SLACK, J. This suit is brought under P. L. 2859 and 2860 to recover damages resulting to plaintiff and his wife from the death of their minor daughter, Aretta, which it is claimed was

caused by the negligence of the defendants. The plaintiff had a verdict and judgment below for two hundred dollars. He brings the case here on exceptions to the refusal of the court to set aside the verdict as to damages, or *in toto,* on the ground that the amount thereof shows that the jury wholly disregarded the instructions of the court on that issue and that the verdict was the result of passion, partiality and prejudice.

■ ■ The damages recoverable in cases of this nature are limited to the pecuniary loss or injury which the next of kin of the deceased sustain by reason of his or her death. *D'Angelo, Admr.* v. *Rutland Ry. L. & P. Co.,* 100 Vt. 135, 135 Atl. 598, and cases cited. In the instant case they are limited to the value of Aretta's services during the remainder of her minority, since there was no evidence of a reasonable expectancy of pecuniary benefit from the continuation of her life beyond that time. The only direct evidence bearing on this question is the testimony of the plaintiff. He testified, in substance, to the following facts: Aretta was in good health prior to her death which occurred September 23, 1936. She was then seventeen years and one month old and had completed the eighth grade in school the June before. She lived in his family which consisted of himself, Aretta's mother, Aretta and another person concerning whom nothing appeared. His wife worked at a hotel in St. Albans for an average weekly wage of $10 "pretty much continuously" after 1922 until Aretta's death, when she had to quit because there was no one to attend the house and get the meals. Aretta had formerly done general housework in the home—cooking, sweeping, dusting, light washings, getting the meals, etc. When she was in school plaintiff tried at different times to get a girl to do that work and thereby learned that he would have to pay at least $5 per week and board for such help, not including washings. The only girl he ever had was a friend of the family who stayed with them about a month in 1928 when he had arthritis. What he paid her did not appear. Aretta devoted some time "after working hours at home" to the Salvation Army of which she was a member. Her food and clothing cost him at least $2.25 per week.

Elsie Moore, one of the defendants, called as a witness by plaintiff, testified on cross-examination that she was captain of the St. Albans Post of the Salvation Army; that Aretta was a

soldier under her and subject to her orders; that they were on a trip holding open-air meetings, which was a part of the business of such Army, at the time Aretta met her death, and that they left St. Albans that day about two-thirty o'clock in the afternoon, but it did not appear that she required Aretta to accompany her on that occasion. This is the only evidence relating to damages.

■ ▇ The plaintiff insists that on this showing he was entitled to a verdict for at least the value of Aretta's services during the remainder of her minority—two hundred and four weeks at $5 per week less the cost of her food and clothing, as testified to by him, or $561; and he would have been had the jury accepted his testimony at its face value. Apparently they did not nor were they obliged to in the circumstances.

▇ Such damages as are recoverable in this class of cases are to be determined upon evidence of the same character and *quantum* as is required in ordinary cases. The general rule seems to be that in order to warrant a recovery for the loss of services there must be some evidence from which their value may at least be inferred. The jury having failed to accept the evidence of the plaintiff as to the weekly wage of a girl to do the work Aretta had been doing, it became necessary to determine this from such inferences as might be legitimately drawn from the evidence of what services she performed, and under what circumstances, regarding which we assume the evidence gives us fairly accurate information. Since her services were limited to ordinary housework, the jurors will be presumed to have been able to place a fairly accurate value on them. *Taylor* v. *Hayes,* 63 Vt. 475, 21 Atl. 610. That was an action to recover damages for injury to a cow. It appeared that she was worth $26 when injured and was sold later for $28, and it was claimed that only nominal damages were recoverable, but the court held otherwise. Concerning this the court said: "The cow had been kept, presumably at plaintiff's expense, for six months after the injury and before the sale. The jurors are presumed to be able to place some estimate on the value of such keeping, if the witnesses do not place their estimate on such value." See *Meek* v. *Pacific Electric Ry. Co.,* 175 Cal. 53, 164 Pac. 1117; *Kerr* v. *Frick,* 255 Pa. 452, 100 Atl. 135; *Simpson* v. *Pennsylvania R. R. Co.,* 210 Pa. 101, 59 Atl. 693; *Loe* v. *Chicago, R. I. & P. Ry.*

*Co.,* 57 Mo. App. 350; *Murray* v. *Missouri Pac. Ry. Co.,* 101 Mo. 236, 13 S. W. 817, 20 A. S. R. 601; *International & G. N. R. Co.* v. *Edwards* (Tex. Civ. App.), 91 S. W. 640; *Missouri, K. & T. Ry. Co.* v. *Vance* (Tex. Civ. App.), 41 S. W. 167; *Rogan* v. *Montana Cent. Ry. Co.,* 20 Mont. 503, 52 Pac. 206.

■ There was no evidence that Aretta was doing more or different work in the home at the time of her death, or that she was expected to in the future, than she did while she was in school. The effect of the verdict was to allow as compensation for such services her board and clothes and approximately $1 per week during the remainder of her minority. In view of all the circumstances, it cannot be said that the verdict was so grossly inadequate as to indicate that the jury ignored the instructions of the court or were influenced by passion, partiality or prejudice.

*Judgment affirmed.*

POWERS, C. J., dissents.