HELENA COLLINS *v.* CHESTER FOGG.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

434

*Wm. R. McFeeters* for the defendant.

*J. Boone Wilson, Charles F. Black, Willsie E. Brisbin* and *Sylvester & Ready* for the plaintiff.

SHERBURNE, J. The plaintiff seeks to recover the damages to her automobile resulting from the alleged negligence of the defendant. A verdict of $200 in her favor has been set aside as to damages only and a new trial granted on that issue only. To this ruling the defendant has excepted.

The plaintiff moves here that the defendant's exceptions be dismissed for the reason that the controversy has not ended below and that no full and perfect judgment has been there rendered. The bill of exceptions states, "Exceptions allowed; cause passed to the Supreme Court." Hence we will assume, nothing appearing to the contrary, that the trial court acted under P. L. 2072, and in its discretion passed the exception to this Court for determination before final judgment. In this view of the matter, the question is before us for decision, and the plaintiff's motion must be overruled. *Ryan* v. *Barrett*, 105 Vt. 21, 162 Atl. 793; *Hannah* v. *Hannah*, 96 Vt. 469, 472, 120 Atl. 886. This last case, one where the ruling was upon a motion to set aside the verdict before judgment, is directly in point, whereas *Beam* v. *Fish*, 105 Vt. 96, 163 Atl. 591, cited by the plaintiff, presents a much different situation.

In support of her motion to set aside the verdict as to damages and for a new trial on that issue only, the plaintiff, among other things, pointed out "that the undisputed evidence in the case was that plaintiff's damages were $450.00." The defendant insists from this expression that the motion which the court granted was in effect that there was no evidence warranting the verdict of $200. We do not so construe the language used. As a ground for the motion it merely pointed out that the verdict was grossly inadequate in view of the undisputed evidence. The motion was addressed to the court's discretion; and this Court cannot reverse its action thereon, unless an abuse of discretion or its equivalent affirmatively appears. *Farr* v. *Fisher*, 107 Vt. 331, 336, 178 Atl. 883, 98 A. L. R. 926; *Bennett* v. *Robertson*, 106 Vt. 112, 169 Atl. 901; *Parizo* v. *Wilson*, 101 Vt. 514, 523, 144 Atl. 856.

█ All the evidence as to damages came from one Krupp, an automobile dealer for eleven years in the make of car here involved and the operator of a repair garage over a like period. He had sold this car to the plaintiff and was familiar with it. He testified that in his judgment and opinion this car was worth $725 immediately before the accident, and $275 immediately after the accident, a difference of $450. He further testified that the car was repaired at his garage at a cost of around $400, and that there is considerable depreciation in the resale value of a wrecked car.

This evidence from a witness, who, for aught that appeared, was credible and had no interest in the outcome of the case, indicates strongly that the award was not reasonably adequate, and we cannot say that an abuse of discretion is shown. It should be noted, however, that no claim was made that if the verdict was to be set aside as to damages, it should also be entirely set aside and a new trial awarded on all issues.

█ In her brief the plaintiff asks that this Court give her judgment for $450. We need not consider the novel proposition as to whether uncontradicted opinion evidence as to values conclusively established the amount of damages. The point was not raised in the trial court, nor has it been brought here by a bill of exceptions.

*Judgment affirmed, and cause remanded.*