HELENA COLLINS *v.* CHESTER FOGG.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

*Wm. R. McFeeters* for the defendant.

*J. Boone Wilson* and *Sylvester & Ready* for the plaintiff.

Sturtevant, J. This is the second time this case has been before this Court. In the first trial the jury returned a verdict for the plaintiff to recover $200 damages. The case came here upon defendant's exception to the action of the court in granting plaintiff's motion to set aside the verdict as to damages only and to grant a new trial on that issue. Judgment was affirmed and cause remanded. 109 Vt. 433, 199 Atl. 251. At the second trial the jury returned a verdict for the plaintiff to recover $225 damages. Plaintiff moved that the court set this verdict aside and render judgment for the plaintiff in the sum of $450 damages notwithstanding the verdict. This motion was granted and judgment entered in accordance therewith. The case is now here upon the defendant's exceptions (1) to the action of the court in setting aside the verdict and (2) to the court's action in rendering judgment for plaintiff for $450 damages notwithstanding the verdict. We take up these exceptions together.

Plaintiff is seeking here to recover for damage to an automobile owned by her in 1936, which was injured in an accident in December of that year. In the trial below only two witnesses testified. They were one W. E. Krupp and the plaintiff herself. In considering the defendant's exceptions it is necessary to consider the nature and extent of the evidence.

Krupp testified that he ran a garage in St. Albans and had been engaged in the business of selling and servicing Pontiac and LaSalle automobiles since 1926. He sold to plaintiff the Pontiac car which was damaged in the aforementioned accident. This car was serviced at his garage, was there for service a few days before the accident at which time Krupp saw it and he also saw it on the street in St. Albans on the day of the accident. After the accident the car was taken to his garage and there repaired, and in March, 1937, Krupp sold this car to a third party, having taken it in trade from plaintiff, making her an allowance for it toward the purchase price of another Pontiac. In his direct examination he gave it as his opinion that this car was worth $725 before the accident and $275 after it. He was not asked to state how or what parts of the car were damaged until in cross-examination he was asked this question: "What was there broken on this car when you saw it after the accident?", to which he answered, "As I remember it the top was all jammed in, fenders, frame, front axle, and there was one or two new

wheels, I do not know which, there was one anyway, radiator was jammed in, and certain parts of the body, as I remember it, there was a door and the back of the body around the trunk, also the bumper.'' When plaintiff was on the stand she was asked the following question by defendant's counsel: ''And what was broken?'' She answered, ''Well, the top was all jammed and the door and the wheels and bumper and the radiator.'' Later when the plaintiff was being questioned by one of her attorneys the following questions were asked and answers given. Q. ''Now you testified in answer to Mr. McFeeters' question about the top, fender, the wheels and radiator. You do not mean that was the entire damage, do you? That is all you remember?'' A. ''Yes.'' ''There were at least three fenders?'' ''Oh yes, and the trunk.'' Q. ''And other parts?'' A. ''Yes.'' Krupp stated that he was not able to produce a detailed list of repairs made, and that he could not remember how much he allowed plaintiff in trade for the damaged car. At one time he had a list of repairs but at the time of the trial could not tell where this was. While it was Krupp's practice to keep a record of transactions of car sales he stated that he ''slipped up'' on this one and he did not know whether he had any record of a sale of the second car to plaintiff and the credit of this damaged car on the purchase price of the new one. Later Krupp was recalled to the stand and shown a paper by defendant's attorney, Mr. McFeeters, which he identified as a paper containing a record of the sale of the new car to the plaintiff and taking the damaged one in trade. This record is dated March 6, 1937, and sets forth that W. E. Krupp sold to Mrs. Helena Collins of St. Albans one 1937 Pontiac Deluxe six at a cost price, including finance and insurance charges, of $1055.68. Against this amount charged there appears the following credit item on this slip: ''Used car, 1936 Pontiac, type Tr. sedan $351.70.'' Witness stated that this figure $351.70 contained some item in addition to what he allowed for the car. What this item was does not appear. Plaintiff also testified that she could not remember how much she was allowed in trade for the damaged car.

While Krupp's statement that in his opinion the difference in the value of the car in question before and after the accident was $450 was not disputed by direct evidence, yet his indefinite and uncertain statement made in answer to the question

as to what parts of the car were broken after the accident as above set forth, together with the fact that he claimed he could not remember how much he allowed for this car in trade, and that plaintiff also testified that she could not remember this figure, and Krupp's testimony concerning his record as to repairs and also his record as to sale of the second car, were circumstances which in the minds of reasonable men might raise inferences opposed to his statement of his opinion that the damage was $450. As this Court stated in *Tracey* v. *Grand Trunk Railway Company*, 76 Vt. 313, 325, 57 Atl. 104, 108: "It sometimes happens that although the evidence is undisputed, it is such as to afford ground for opposing inferences of fact in the minds of reasonable men. When the evidence is of such a character, it is for the jury to consider it." To the same effect are *Coolidge, Trustee in Bankruptcy* v. *Ayers*, 77 Vt. 448, 454, 61 Atl. 40; *Ward's Admr.* v. *Preferred Accident Company*, 80 Vt. 321, 329, 67 Atl. 821; *Valenti* v. *Imperial Assurance Company*, 107 Vt. 65, 68 and 69, 176 Atl. 413. The evidence in the case before us was of this class and therefore presented a question for the jury. It follows that since the evidence presented a jury question, it was reversible error for the court to render judgment for the plaintiff in the sum of $450 damages notwithstanding the verdict. The evidence being of the class as above stated, the case of *Neill* v. *Ward*, 103 Vt. 117, 153 Atl. 219, and other cases and authorities cited by plaintiff in support of her contention that the action of the court in rendering judgment should be sustained are not in point. This exception taken to the action of the court in rendering such judgment is sustained.

However, the jury were not bound to accept the testimony of witness Krupp as to his opinion on the amount of damages. *Allen, Admr.* v. *Moore et al.*, 109 Vt. 405, 408, 199 Atl. 257. Having failed to accept Krupp's testimony on this matter, they were at liberty to determine the amount of damages from such inferences as might legitimately be drawn from the testimony. *Allen, Admr.* v. *Moore, supra*, at 408, 199 Atl. 257. But with the evidence standing as it did, not showing with reasonable clearness what parts of the car were damaged and to what extent, there was no sufficient evidence from which such inferences might reasonably be drawn. That is, having failed to accept Krupp's opinion as to damages, there was no sufficient evidence left upon which dam-

ages could reasonably be determined. As to what the situation would be if there were in this case sufficient evidence showing with reasonable certainty what parts of the car in question were damaged in the accident and to what extent, without further evidence as to value of such damaged parts or cost of replacing same, we are not here called upon to determine.

The grounds urged by plaintiff in support of her motion to set the verdict aside may be briefly stated as follows: (1) That there was no evidence to support the verdict. (2) That the verdict was against the evidence.

The first ground presents a question of law and is not addressed to the court's discretion. Farrell v. Greene et al., 110 Vt. 87, 89, 2 Atl. (2d) 194; French v. Wheldon, 91 Vt. 64, 68 and 69, 99 Atl. 232; Belock et al. v. State Mutual Fire Ins. Co., 106 Vt. 435, 439, 175 Atl. 19. In considering this ground of the motion, the evidence must be taken in the light most favorable to the prevailing party, because in this respect the motion is the same in nature and substance as a motion for a directed verdict. Farrell v. Greene et al., supra, at page 89; Belock et al. v. State Mutual Fire Ins. Co., supra, at page 440, and cases cited; Spaulding v. Mutual Life Ins. Co., 94 Vt. 42, 57, 109 Atl. 22; Wellman v. Wales, 98 Vt. 437, 438, 129 Atl. 317. If there is any evidence fairly and reasonably tending to justify the verdict the motion cannot properly be granted upon this ground. Belock v. State Mutual Fire Ins. Co., supra, at page 439; Paska v. Saunders, 103 Vt. 204, 216, 153 Atl. 451; Jacobs v. Loyal Protective Ins. Co., 97 Vt. 516, 527, 124 Atl. 848. However, it appears from what we have hereinbefore stated, that there was no evidence to support a verdict for plaintiff in the sum of $225. It follows that there was no error in setting the verdict aside upon this ground. French v. Wheldon, supra, at page 69; Belock v. State Mutual Fire Ins. Co., supra, at page 439.

Plaintiff's motion to set aside the verdict on the second ground was addressed to the court's discretion. Collins v. Fogg, 109 Vt., supra, at 435; Farr v. Fisher, 107 Vt. 331, 336, 178 Atl. 883, 98 A. L. R. 926. However, since the verdict was without supporting evidence and therefore was properly set aside we do not give further attention to this second ground of plaintiff's motion.

*Judgment reversed and cause remanded.*