## Robert W. L'Ecuyer and Theresa M. L'Ecuyer v. State Highway Board

[ 207 A. 260 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 2, 1965

*Lisman & Lisman* for plaintiffs.

*Joseph E. Frank* for the State.

**Keyser, J.** The plaintiff appealed to county court from the award of defendant, State Highway Board, for certain land and slope rights taken for highway purposes from their residential property located on College Parkway and fronting on Route 15 in the Town of Colchester. On trial, the defendant claims the court erroneously admitted evidence by its expert in cross-examination of prices paid by

the defendant for other takings and failed to instruct the jury concerning such evidence.

The defendant improved its appraiser, James G. Thetford, as an expert. In direct examination he testified, among other things, respecting his appraisal of plaintiffs' property and other properties in the vicinity. He testified the elements of damage to plaintiffs' property were the taking of land, taking of slope rights and two trees, and the change in the grade of the slope on the front lawn and gave the values he had placed on each.

The testimony which the defendant claims was erroneously admitted to its prejudice came in during cross-examination of this witness. The witness upon being cross-examined about the change in slope and his allowance for it, gave testimony which led up to an objection by defendant's counsel as follows:

"Q. For that, you allowed $300.00?

A. Yes.

Q. Did you have some gauge to go by to make it $300.00 rather than $400.00 or $3,000.00?

A. Yes sir. We had a couple properties west of the subject; one, I was closely associated with, where we removed three large trees. I am trying to describe the circumstances as they relate to this property.

Q. Are you trying to base your allowance here to what you allowed somewhere else?

A. I am trying to associate the subject to the value of similar damages to similar property, or comparable property.

Q. Did you have anything to do with the appraisal that was done on the property just west of this property?

A. No.

Q. The one on which the retaining wall was built?

A. No, sir.

Q. Did you have anything to do with appraisal of properties on LaPointe Street in Winooski?

A. Yes.

Q. Aren't those properties from which very small areas were taken out of the back yards?

A. They are, that's right.

Q. Do you remember what kind of allowances you made on those small back yard areas?

MR. FRANK: Object.

THE COURT: We will take the answer."

As shown, the basis of defendant's objection was not made known to the court. The transcript shows this question was not answered although the objection was overruled and no answer was insisted upon by plaintiffs' counsel. The examination then continued as follows:

"Q. The Highway Department paid in excess of $4,000.00 in each one of those small areas of back yards?

A. No, they didn't.

Q. They paid in excess of $3,000.00 on each one?

A. No, they didn't.

Q. Which one did they pay in excess of $3,000.00?

A. As a group, there were some that were substantially less. There were some that, by their own resale, clearly indicated that an excessive amount was paid.

Q. They paid what you thought was excessive?

A. Not what I thought. They were handled prior to my review of appraisals.

Q. But the Highway Department did pay those large sums?

A. They did."

No objection was made to any of this testimony, the only objection being during the first quoted testimony. Defendant contends it then took a timely objection and claims this objection extended to the entire line of the testimony just quoted as provided by 12 V.S.A. §2381. This statute provides that formal exceptions are no longer required under present court procedure to preserve a question for review. The final sentence of the statute reads: "Subsequent objection to the same legal point shall be unnecessary and the admission or exclusion of evidence of like nature thereafter shall be deemed to be subject to the same objection as originally stated."

The land taken by the defendant contained 240 square feet. The slope rights area was 600 square feet. After interrogating the witness concerning the detail of his appraisal of plaintiffs' land and the allowances he made for the various items of damage involved in the taking, the examiner then asked the witness questions first quoted above.

This testimony as it clearly indicates dealt with appraisals made by the witness of small areas on other properties located on LaPointe Street in Winooski. The question objected to asked only if the witness could remember what kind of *allowances he made* on *those* small back yard areas. The question was dropped without answer after the objection. The testimony which followed the objection related to what the highway department paid for those small areas. Such payments were handled by the department prior to the review of the appraisals made by the witness. This line of evidence was different in nature than the question objected to. The first evidence was confined to the allowances the witness had made in his appraisals and the second evidence only concerned what action had been taken by the highway department. Nothing being shown to the contrary by the record, we must assume that the court below understood the objection went to the question objected to and not to evidence different in nature elicited thereafter.

The dissimilarity in the nature of the evidence made an objection and ruling of the trial court mandatory to preserve the question of its admissibility in this court. An objection to evidence must be made when the evidence is offered, *Dunnett & Slack* v. *Gibson,* 78 Vt. 439, 63 Atl. 141, or when the question is asked, *Delaney* v. *Erie R. Co.,* 97 N.J. Law 434, 117 Atl. 395, 396. Where evidence comes in without objection, all right of objection is waived. *Towle* v. *St. Albans Pub. Co.,* 122 Vt. 134, 140, 165 A.2d 363 ; *Edmunds Bros.* v. *Smith,* 95 Vt. 396, 401, 115 Atl. 187.

The record discloses defendant had in no manner made its position known to the court below nor was the claimed fault called to its attention either by adequate objection or motion to strike. No question may be brought to this court except that upon which it is made to appear that the trial court has had fair opportunity to pass judgment. *Merrill* v. *Reed,* 123 Vt. 248, 254, 185 A.2d 737, and cases there cited.

We held in *Barre* v. *Brown,* 121 Vt. 469, 471, 160 A.2d 885— "Although exceptions are unnecessary under our new procedure act (12 V.S.A. §2381) ; a party must either object at the time a ruling on a question of law is made below or make known the action which he desires the court to take, otherwise there is nothing for this Court to consider on review." See also, *Edmunds Bros.* v. *Smith,* supra.

For lack of proper and adequate objection, the question defendant attempts to raise is not for consideration.

At the conclusion of the court's charge to the jury, the defendant made this objection: "I have just one objection. I believe there was testimony over my objection as to the amounts of other awards in the area and I would object to the failure of the Court to charge the jury that the awards in the area should have no bearing whatever on the amount of damage that they find for the Plaintiff in this case." The transcript does not show any comment, or a ruling, by the court to the objection.

The defendant urges it was the duty of the court to instruct the jury on the subject-matter in its objection or exception. The real, or basic, issue in the case was the amount of damages required to fairly compensate the plaintiffs for the taking as spelled out in 19 V.S.A. §221(2). The testimony as to other awards in the area arose during the cross-examination of defendant's expert witness. The witness did not testify concerning specific properties, give detailed evidence about them, or the amount of any specific or individual award. He gave no dollar value of any award, either generally or specifically. As we have pointed out, the evidence came in without adequate objection being made. Thus, the subject-matter was not a matter of issue but rather was strictly one of evidence. It cannot be stated as an absolute proposition, or rule, that evidence improperly admitted without objection is not for consideration of the jury. Our cases run contra to this. See, *Montpelier* v. *Calais,* 114 Vt. 5, 10, 39 A.2d 350; *Streeters Dependents* v. *Hunter,* 93 Vt. 483, 484, 108 Atl. 394; *Pocket* v. *Almon,* 90 Vt. 10, 14, 96 Atl. 421; *Taplin & Rowell* v. *Harris,* 88 Vt. 15,.20, 90 Atl. 956.

Considering this general proposition that evidence unobjected to is for the jury in the first instance, it clearly became the duty of the defendant to make plainly known to the court its basis for a special charge on the point. Thus, this is not an instance where the court failed to charge fully upon all points of law in the case whether or not it is requested to do so under the rule stated in *Blondin* v. *Carr,* 121 Vt. 157, 161, 151 A.2d 121 and *State* v. *Brisson,* 119 Vt. 48, 53, 117 A.2d 255. The record fails to disclose that this testimony in any manner raised, or injected, a material issue of law during the trial. It clearly was not an essential issue, or element, in the case. The trial court is not bound to charge on an issue not in the case *Whitmore* v. *Mutual Life Ins. Co.,* 122 Vt. 328, 337, 173 A.2d 584. Neither is

it bound to make every conceivable comment on the evidence, *Covell* v. *McCarthy*, 123 Vt. 472, 478, 194 A.2d or the weight of it, *Mercier* v. *Holmes*, 119 Vt. 368, 377, 125 A.2d 790. The extent of the elaboration of the various points contained within the charge is within the discretion of the court. *Rae* v. *Green Mt. Boys Camp*, 122 Vt. 437, 441, 175 A.2d 800. See, also, *Wilson* v. *Dyer*, 116 Vt. 342, 348, 75 A.2d 677.

Moreover, the defendant did not request the court to give the instruction respecting the matter it objected to which, under the circumstances shown, defendant's counsel could have done under County Court Rule 30. The evidence being in the case without objection, together with other conventional evidence of damages, the court was entitled to treat that testimony as properly for consideration by the jury unless timely and adequately moved to do otherwise by the defendant. Considering the exception to be in substance a request to charge, it came too late, and there was no error in the refusal to comply with it. *Mercier* v. *Holmes*, supra, at p. 376; *French* v. *Nelson*, 111 Vt. 386, 393, 17 A.2d 323. No error appears.

*Judgment affirmed.*