# Ned H. Pettengill v. C. E. Kelton, doing business as C. E. Kelton Motor Transportation and Warren Blanchard

[ 207 A.2d 245 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and O'Brien, Supr. J.

Opinion Filed February 2, 1965

*Monti, Patterson, Calhoun, Eldredge & Noble* for plaintiff.

*Black and Plante* and *Alfred Guarine* for defendants.

**Holden, C. J.** This appeal concerns the authority of the trial court to unconditionally increase the jury's award of damages in this action of negligence. The issue developed from a highway accident on December 15, 1958, in the town of Royalton, Vermont: The plaintiff's evidence indicated that his tractor-trailer unit was forced to leave the highway when it was overtaken by a tractor-trailer owned by the defendant Kelton and operated by his co-defendant, Blanchard.

At the close of all the evidence, the plaintiff moved for a directed verdict on the issue of liability. The question of damages was not involved in the motion. The motion was denied and the cause was submitted to the jury to determine liability and assess the damages if the defendants were found liable. This the jury did, and returned a verdict against both defendants in the amount of $10,000.

After the jury was discharged, the plaintiff moved orally that the court increase the amount of the damages awarded. At the court's request, the motion was later presented in writing demanding the court to increase the amount of the verdict to $23,129.40, plus an additional sum of $6,938.83 in lieu of interest from the date of the accident.

The motion specifies four separate items which include damage to the tractor, $4,000 to $11,000; damage to the trailer, $7,000; loss of the use of the unit for the three-week period of repair, $2,938; and loss of profits for the period from the accident to August 26, 1959, in the amount of $8,891.40. At the time of hearing, the motion was amended to state, "That the plaintiff have alternative relief by way of a new trial on the question of damages if this [trial] court does not increase the jury's verdict as provided by the said original motion."

Both aspects of the motion were denied. This appeal by the plaintiff followed. The single question for review is whether the trial court erred in refusing to grant the plaintiff's motion for additur.

The plaintiff pursues the question on appeal from the same position taken below—that he was entitled to the increase as a matter of law. He contends the uncontradicted evidence requires, and the law demands the award be increased as requested by his motion. The plaintiff's petition does not invoke nor involve the defendant's consent.

The power of the trial court to vacate a verdict and order a new trial because of excessive damages is firmly imbedded in our system of jurisprudence. The power has frequently been exercised on the condition that the plaintiff accede to a remission of that part of the damages that are deemed to be excessive. Otherwise a full new trial would follow. *Smith* v. *Martin,* 93 Vt. 111, 121 et seq., 106 Atl. 666; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 157, 130 Atl. 758; *Lancour* v. *Herald & Globe Assoc.,* 112 Vt. 471, 483, 28 A.2d 396.

There is related authority to set aside a verdict and order a new trial where the damages are inadequate. *Collins* v. *Fogg,* 109 Vt. 433, 436, 199 Atl. 251. The practice of attaching the condition that the defendant accept an increase in the damages has been more cautiously applied, and for substantial reasons. Harper, Excessiveness or Inadequacy of Verdicts, 1 Duquesne University Law Review 153; *Dimick* v. *Schiedt,* 293 U.S. 474, 484, 79 L.Ed. 603.

But that is not the precise question which this appeal presents. Our problem is whether the evidence required the court, as a matter

of law, to increase the damages in the amount specified. The question is related, though not the same, as the novel proposition which was sought to be raised in *Collins* v. *Fogg,* supra, 109 Vt. at 436.

The plaintiff imposes determinant reliance on the point that the defendant presented no evidence on the question of damages. From this vantage ground, he urges evidence on the issue was uncontradicted.

We do not find it so. The plaintiff's evidence in the area of loss of profits was directly opposed by the witness Cosgrove. This witness was called by the defendants. Since he was the source of the plaintiff's anticipated profits, his testimony was of particular importance. And there was room for the jury to find the loss in this regard was nominal.

Beyond that, the evidence concerning the damage to the tractor and the trailer tank as presented by the testimony of the plaintiff and his expert witness on the issue was subject to conflicting inferences. And the opinions of these witnesses were at variance in some details.

In any event, their testimony could not settle the question of damage to the vehicles, even though not directly contradicted. The differing testimony as to purchase price, the extent of physical damage and salvage values furnished an adequate basis for differing inferences. When such a conflict develops, the true monetary extent of the loss is for the jury. It would have been error for the court to fix the exact amount. *Bessette* v. *Humiston,* 121 Vt. 325, 330, 157 A.2d 468; *Collins* v. *Fogg,* 110 Vt. 465, 469, 8 A.2d 684.

■ The record in this respect comes entirely within the governing principles stated by Chief Justice Powers in *Valenti* v. *Imperial Assurance Co.,* 107 Vt. 65, 69, 176 Atl. 413. "The statement of a witness not directly contradicted is not always conclusive. Such statements are not to be arbitrarily disregarded, of course, but a court may, on occasion, disbelieve them, or some part of them, and may accord to them a construction differing from their literal effect. The circumstances, together with the character and subject-matter of the testimony, may be considered before effect is given to a witness' statement. Whenever testimony is equivocal, by the latter rule, it is to be admitted and its interpretation is to be left to the jury under proper instructions.". (Citations omitted.)

The damages sustained by the plaintiff in this instance were not liquidated. Neither could they be ascertained by the application of fixed rules of law to the facts presented at the trial.

■ It is only under these exceptional circumstances, where the supervisory power of the trial court can be applied as a matter of law, that the jury's verdict can be corrected unconditionally and without consent of the parties. Such was the situation which prevailed in *Ellis' Admr.* v. *Durkee,* 79 Vt. 341, 348, 65 Atl. 94 (computed value of stock certificates); *Hopkins* v. *Veo,* 98 Vt. 433, 436, 129 Atl. 157 (special damages remitted on the pleadings); *Manatee Loan & Mortgage Co.* v. *Manley's Estate,* 106 Vt. 356, 366, 175 Atl. 14 (disallowance of attorneys' fees); *Doyle* v. *Polle,* 121 Vt. 335, 339, 157 A.2d 226 (judgment corrected to conform to findings by referee).

■ The rule applies with equal force to the plaintiff's claim of damage occasioned by the delay in his recovery from the date of the accident to the time of verdict. Since the damage was tortiously inflicted a sum in lieu of interest could have been awarded but it was not recoverable as a matter of right. Whether a sum in lieu of interest should be awarded was for the jury, rather than the court, to determine. *Taylor* v. *Coolidge,* 64 Vt. 506, 511, 24 Atl. 656.

■ The alternative aspect of the plaintiff's motion requested a new trial on damages only. This ruling rested solely in the sound discretion of the trial court. *Parizo* v. *Wilson,* 101 Vt. 514, 522, 144 Atl. 856; *Goldberg* v. *Gintoff,* 112 Vt. 43, 45, 20 A.2d 114; *Campbell* v. *Beede,* 124 Vt. —. We cannot reverse the trial court's action on the motion unless an abuse of discretion or its equivalent affirmatively appears. *Collins* v. *Fogg,* supra, 109 Vt. at 435.

Adhering to his initial position that the rulings addressed to the inadequacy of the verdict were erroneous as a matter of law, the plaintiff has not claimed an abuse of discretion. We have not discovered any.

We conclude there was no justification to increase the jury's award as a matter of law. We find no error in the court's refusal to grant a new trial on the issue of damages alone.

*Judgment affirmed.*