### Jean E. Hoague v. Shirley T. Cota

[442 A.2d 1282]

No. 403-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 2, 1982

590

William J. Bloomer of Bloomer & Bloomer, Rutland, for Plaintiff.

J. Fred Carbine, Jr., and Edward R. Seager, Rutland, for Defendant.

**Underwood, J.** The jury awarded plaintiff $1,375 on her personal injury negligence claim which arose when the automobile in which she was a passenger collided with an automobile driven by the defendant. Plaintiff, insisting that the verdict was grossly inadequate, moved pursuant to V.R.C.P. 59 for a new trial on the issue of damages, or in the alternative, for a new trial on all issues.

The trial court denied plaintiff's motion "provided that Defendant shall on or before ten days from the date of entry of

this Order file a written acceptance of an addition to the verdict herein in the amount of $625, for a total amended verdict and judgment in the amount of $2,000. If said acceptance is not so filed, Plaintiff's Motion for a New Trial is hereby granted as to all issues." Order dated November 17, 1980.

Though the defendant did not file a written acceptance of the additur, she did tender two checks totalling $2,000 to plaintiff's attorney, who returned them after filing notice of appeal on behalf of the plaintiff. We deem the plaintiff to have waived any claim that defendant's acceptance of additur was irregular by bringing this appeal.

Plaintiff appeals on two grounds. First, she argues that a new trial should be mandatory when the jury's verdict for unliquidated damages is found by the trial court to be inadequate. Secondly, she argues that the trial judge confused the jury by re-reading the portion of the instructions explaining how to calculate future damages after the jury requested "a reading on judge's charge in relation to the disability."

We find neither argument persuasive and therefore affirm.

## I.

V.R.C.P. 59(a) provides:

> The court before which an action has been tried may on motion grant a new trial . . . for any of the reasons for which new trials . . . have heretofore been granted in actions at law . . . in the courts of this state.

Among the reasons long held to be an acceptable ground for a new trial is that the jury's award of damages was inadequate. *Collins* v. *Fogg*, 109 Vt. 433, 435, 199 A. 251, 252 (1938). A motion for a new trial rests solely within the sound discretion of the trial court, V.R.C.P. 59(a), and will not be reversed on appeal, unless an abuse of discretion is shown. See, e.g., *O'Neil* v. *Buchanan*, 136 Vt. 331, 333, 388 A.2d 431, 433 (1978); *Pettingill* v. *Kelton*, 124 Vt. 472, 475, 207 A.2d 245, 248 (1965).

V.R.C.P. 59(a), in an innovation borrowed from its Maine counterpart, imposes a condition on the judge's discretion to grant a new trial for inadequate damages, regardless of whether the claim was liquidated or unliquidated:

A new trial shall not be granted solely on the ground that the damages are inadequate until the defendant has first been given an opportunity to accept an addition to the verdict of such amount as the court deems to be reasonable.

Plaintiff, whose arguments omit any reference to V.R.C.P. 59, argues for a rule requiring an automatic new trial upon a finding that the damages for an unliquidated claim are inadequate. He cites us to *Collins* v. *Fogg, supra,* for the proposition that this Court has recognized the propriety of a new trial as a remedy for inadequate damages and to *Pettingill* v. *Kelton, supra,* as our recognition of the potential danger of additur. He then urges us to adopt the "general rule" that additur is not an appropriate remedy for an inadequate award for unliquidated damages, citing us to the annotation at 56 A.L.R.2d 213 (1957), and calls on *Dimick* v. *Schiedt,* 293 U.S. 474 (1935), to explain the problem with additur.

Our examination of these materials requires us to conclude that the trial court properly invoked additur in the present case.

■ *Collins* v. *Fogg, supra,* a defendant's appeal of the judge's decision to grant the plaintiff's motion for a new trial and set aside an inadequate verdict, did not involve additur. The case merely reiterated our longstanding rule that the decision on the motion is for the judge's sound discretion, and will not be reversed absent an abuse of discretion. *Id.* at 435, 199 A. 251. The plaintiff here does not allege abuse of discretion nor does any appear from the record.

■ Chief Justice Holden, writing for the Court in *Pettingill, supra,* 124 Vt. at 473, 207 A.2d at 247, did sound a note of caution in discussing additur:

The practice of attaching the condition that the defendant accept an increase in the damages has been more cautiously applied [than setting aside the verdict and ordering a new trial], and for substantial reasons.

That note of caution, however, dictates care in the use of additur; it was not intended as a prohibition of the practice of applying additur to either liquidated or unliquidated damage

claims. The Chief Justice made this amply clear in a subsequent opinion:

> When damages are liquidated and capable of correction by accurate measurement within fixed rules of law, an error in the verdict can and should be remedied either in the trial court or on appeal. The verdict in question does not have that capability. The error claimed is in the general award for pain and suffering and permanent physical impairment. These uncertain elements of damage in the verdict are not subject to correction *without the consent of the party to be adversely affected by the change.* (Emphasis added.)
>
> Perhaps the trial court could have imposed an *additur* directing the verdict to be set aside unless the increment was accepted by the defendant.

*Quesnel* v. *Raleigh,* 128 Vt. 95, 99, 258 A.2d 840, 843 (1969) (citations omitted). This position was adopted and expanded by the Vermont Rules of Civil Procedure, which took effect July 1, 1971. See Reporter's Notes, V.R.C.P. 59. The practice of conditioning denial of the plaintiff's motion for a new trial on the defendant's agreement to a reasonable additur is now mandated by V.R.C.P. 59 without regard to whether the claim was liquidated or unliquidated.

■■ Finally, the problem with additur which troubled the five-man majority of the United States Supreme Court in *Dimick* v. *Schiedt, supra,* is not present here. The majority concluded that the Seventh Amendment to the United States Constitution precluded additur by mandating that "no fact tried by a jury shall be otherwise reexamined in any Court of the United States . . . . ," especially where the court had no power to assess damages. *Dimick, supra,* 293 U.S. at 486–87.

This language, however, expressly applies to courts of the United States only. Vermont has no similar provision in its Constitution. In any event, the trial court was empowered, and in fact required to offer the defendant an additur "of such amount as the court deems to be reasonable" by V.R.C.P. 59(a). Given these distinctions, we find the logic of the four *Dimick* dissenters particularly appropriate here:

It is difficult to see upon what principle the denial of a motion for a new trial, which for centuries has been regarded as so much a matter of discretion that it is not disturbed when its only support may be a bad or inadequate reason, may nevertheless be set aside on appeal when it is supported by a good one: that the defendant has bound himself to pay an increased amount of damages which the court judicially knows is within the limits of a proper verdict.

*Dimick* v. *Schiedt, supra,* 293 U.S. at 497.

## II.

Plaintiff also contends that the trial court erred by re-reading to the jury that portion of the instructions which explained how to calculate future damages for disability. The re-reading came during deliberations after the jury asked to hear the "judge's charge in relation to the disability." The plaintiff asserts that the explanation of how to calculate future damages was not within the jury request, and that the re-reading of this portion of the charge overemphasized the point, thereby misleading the jury and resulting in prejudice to the plaintiff.

The judge, out of the jury's hearing, overruled the plaintiff's objection to re-reading the explanation on calculating future damages, holding the instruction "is specifically related to the disability—I think it's more prejudicial to leave it out than it is to include it in."

The decision of how much to elaborate on the various points contained within the original charge is left to the sound discretion of the court. *Currier* v. *Letourneau,* 135 Vt. 196, 204, 373 A.2d 521, 527 (1977); *L'Ecuyer* v. *State Highway Board,* 124 Vt. 462, 467, 207 A.2d 260, 263–64 (1965). We see no reason for a different rule where the jury's request for a re-reading of a portion of the instruction requires the judge to determine what is within the jury's request or what should be included in the re-reading to put the requested material in the appropriate context.

Plaintiff is entitled to a reversal only upon a showing that the court abused its discretion and that prejudice flowed from that abuse. *Miller* v. *Ladd,* 140 Vt. 293, 297,

437 A.2d 1105, 1108 (1981). An abuse of discretion will be found only where the discretion has been entirely withheld, or has been exercised for clearly untenable reasons or to an extent which is clearly untenable. *Id.* We are unable to find either abuse of discretion or prejudice.

*Affirmed.*